UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ALECIA RHONE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 4:15-cv-01096 |
| v. | ) | |
| | ) | |
| SCHNEIDER NATIONAL CARRIERS, | ) | |
| INC., et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT SCHNEIDER NATIONAL CARRIERS, INC.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM PLAINTIFF, OR IN THE ALTENATIVE, MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE AND FAILURE TO PRESERVE ELECTRONICALLY STORED EVIDENCE

Comes now, Defendant Schneider National Carriers, Inc., by and through its attorneys, and for its Motion to Compel Production of Documents from Plaintiff, or in the Alternative, Motion for Sanctions for Spoliation of Evidence and Failure to Preserve Electronically Stored Information, pursuant to Federal Rule of Civil Procedure 37, states to the Court the following:

1.      This is a personal-injury matter, in which Plaintiff has filed suit against Schneider National Carriers, Inc. for injuries she allegedly sustained while she was a passenger in a car driven by Charles Quinn that was allegedly rear-ended by Defendant Schneider's vehicle on June 2, 2014. *See* Compl. (Doc. #1).

2.      On October 27, 2015, Defendant Schneider issued its Requests for Production of Documents Directed to Plaintiff, specifically requesting the following information, to which Plaintiff issued the following objections:

12.     Copies of any posting made by Plaintiff on Twitter, Facebook or any other social media website since the date of the accident.

**RESPONSE: Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, none.**

13.     Copies of any and all photographs and/or videos of Plaintiff posted by Plaintiff on Twitter, Facebook or any other social media website since the date of the accident.

**RESPONSE: Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, none.**

3.     Counsel for the parties conferred via email on January 14, 2016 in a good-faith effort to resolve these disputes. *See* 1/14/16 Correspondence, *attached hereto as* Exhibit A.

4.     On February 1, 2016, Defendant Schneider received Plaintiff's first supplemental responses, which provided, in full:

12.     Copies of any posting made by Plaintiff on Twitter, Facebook or any other social media website since the date of the accident.

**RESPONSE: Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, none.**

**SUPPLEMENTAL ANSWER: Subject to the previous objections, none related to this incident.**

5.     Throughout this discovery dispute, however, Plaintiff had a public Facebook account, which contained a number of pages of "timeline" information, such as postings by her, comments from her friends, and photos that had been uploaded and shared by her between March 16, 2015 and January 4, 2016. Prior to the filing of this Motion, this public Facebook account appears to have been deleted or removed.

6.     Under Federal Rule of Civil Procedure 37(a)(3)(B)(iv), a party seeking discovery, like Defendant Schneider, may move for an order compelling production after "a party fails to produce documents…as requested under Rule 34." *See* Fed. R. Civ. P. 37(a)(3)(B)(iv). Further,

"an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *See* Fed. R. Civ. P. 37(a)(4).

7.      Because Plaintiff's initial response and supplemental response to Defendant's Requests for Production numbers 12 and 13 are both evasive and incomplete, such responses must be treated as a failure to respond. Moreover, as numerous courts have already recognized that Defendant Schneider is entitled to information from Plaintiff's social media websites that bear on the topic Plaintiff has put at issue in this case, yet Plaintiff has refused to produce any social media content, Plaintiff should be compelled to produce all responsive social media content and communications. Specifically, Plaintiff should be ordered, to the extent it is still possible, to provide Defendant with a "Download Your Info" report from her Facebook account from the date of this accident to the present. *See Ritz v. Directory Pub. Solutions Inc.*, 2014 WL 1922957 (E.D. Mo. May 14, 2014); *Hiland Operating, LLC*, 2014 WL 2434775 (D.N.D. May 29, 2014); *Holter v. Wells Fargo & Co.*, 281 F.R.D. 340, 344 (D. Minn. 2011).

8.      Alternatively, in the event that Plaintiff's Facebook account and other social media content has, in fact, been deleted, or to the extent that such social media content is no longer recoverable, Plaintiff's removal and destruction of such content is tantamount to an intentional spoliation of evidence and a failure to preserve electronically stored information, and sanctions are appropriate.

9.      First, the Eighth Circuit has made clear that a district court will not abuse its discretion by imposing sanctions—even absent an explicit bad faith finding—after a party destroys specifically requested evidence after litigation has commenced. *See Stevenson v. Union Pac. R. Co.*, 354 F.3d 739, 749-50 (8th Cir. 2004). Here, Plaintiff intentionally removed or destroyed her Facebook account and potentially other social media content <u>in spite of an explicit preservation</u>

request from counsel for Defendant Schneider. Further, the spoliated evidence goes to the heart of the damages issues in this case, as the social media content related to Plaintiff's claims for compensation for injuries allegedly sustained as a result of the accident.

10.     Defendant Schneider has been prejudiced as a result of Plaintiff's intentional destruction of social media content, which indicates a desire to suppress the truth in the face of specific requests for that evidence, and therefore, sanctions for spoliation of evidence are appropriate. *See Stevenson v. Union Pac. R. Co.*, 354 F.3d 739, 749-50 (8th Cir. 2004).

11.     Second, Plaintiff's conscious desire to suppress the truth by deleting relevant and requested social media evidence further warrants sanctions under Rule 37(e)(2) for Plaintiff's failure to preserve electronically stored information. *See* Fed. R. Civ. P. 37(e). Under the newly amended Rule 37(e), when (1) social media content is lost because a party failed to take reasonable steps to preserve it, (2) the social media content should have been preserved, (3) the social media content cannot be restored or replaced, and (4) the party acted with the intent to deprive another party of the social media content's use in the litigation, then dismissal of the action or an adverse inference instruction may be imposed as a sanction. *Id.* Here, each prerequisite to the dismissal of the action or the approval of an adverse inference instruction under Rule 37(e)(2) has been met.

12.     Accordingly, as a sanction for either Plaintiff's intentional spoliation of relevant evidence or Plaintiff's failure to preserve electronically stored information, Defendant Schneider requests that the Court dismiss this action with prejudice and impose Defendant Schneider's attorney's fees on Plaintiff, or in the alternative, approve the entry of an adverse inference instruction and impose Defendant Schneider's attorney's fees on Plaintiff.

13.     A memorandum in support has been filed concurrently with this motion, and Defendant Schneider hereby incorporates by reference the arguments contained in its memorandum in support, as if such arguments were fully set forth herein.

WHEREFORE, Defendant Schneider National Carriers, Inc., requests that this Court grant its Motion and grant Defendant the relief specifically requested herein, and for any other relief this Court deems just and proper under the circumstances.

HEPLERBROOM LLC

By:____/s/Matthew H. Noce_____
MICHAEL REDA                          #33591
mxr@heplerbroom.com
MATTHEW H. NOCE                  #57883
mhn@heplerbroom.com
211 North Broadway
Suite 2700
St. Louis, MO  63102
314/241-6160
314/241-6116 – Facsimile

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served this 17th day of February, 2016 via the ECF/CM system with the Clerk of the Court and copies will be served electronically on the following: Mr. Shaun Falvey, Attorney for Plaintiff, 1424 Washington Avenue, Suite 300, St. Louis, MO 63103.


_____/s/Matthew H. Noce_____