UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALECIA RHONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15-cv-01096-NCC |
| | ) |
| SCHNEIDER NATIONAL | ) |
| CARRIERS, INC. and | ) |
| DEAN LILLY, | ) |
| | ) |
| Defendants. | ) |
| ================================================================= | |
| SCHNEIDER NATIONAL | ) |
| CARRIERS, INC. and | ) |
| DEAN LILLY, | ) |
| | ) |
| Third Party Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| CHARLES QUINN, | ) |
| | ) |
| Third Party Defendant. | ) |

## MEMORANDUM AND ORDER

This is a personal injury action arising out of a motor vehicle accident that occurred on June 2, 2014, when the vehicle driven by Third Party Defendant Charles Quinn, in which Plaintiff Alecia Rhone was a passenger, was struck from behind by Defendant Schneider National Carriers, Inc.'s ("Schneider") vehicle driven by Defendant Dean Lilly. Plaintiff asserts that she sustained "severe physical injuries" as a result of the accident (Doc. 1 at 1). Specifically, Plaintiff alleges that her "neck, back and spine, were seriously bruised, contused, swollen, aggravated, ruptured, mashed, wrenched, narrowed, compressed, subluxed, abraded, dislocated, strained, sprained and rendered stiff, sore and painful" (Doc. 1 at ¶9). Plaintiff further alleges

1

that she "will in the future continue to suffer great physical pain" and that her injuries are "permanent and progressive" (*Id.*).

The matter is now before the Court on Schneider's Motion to Compel Production of Documents (Doc. 25) and Motion to Compel the Continuance of Alecia Rhone's Deposition (Doc. 41). On March 31, 2016, the Court held a hearing on the Motions and took the Motions under submission (Doc. 51). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c) (Doc.13). For the following reasons, Schneider's Motion to Compel Production of Documents (Doc. 25) will be **GRANTED, in part** and its Motion to Compel the Continuance of Alecia Rhone's Deposition (Doc. 41) will also be **GRANTED, in part**.

## I. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides for the discovery of any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. "Relevancy is to be broadly construed and encompass[es] 'any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *E.E.O.C. v. Woodmen of the World Life Ins. Society*, 2007 WL 1217919 at *1 (D. Neb. March 15, 2007) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). To that end, discovery need not be admissible at trial. Fed. R. Civ. P. 26(b)(1). However, the scope of discovery is not without limitation. The Court must limit discovery if: (1) the requested discovery is unreasonably cumulative, duplicative, or can be obtained from another source that is more convenient; (2) the party seeking discovery has had ample opportunity to obtain the information; or (3) the discovery is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(2)(C). The Court is directed to consider several factors when addressing the

proportionality requirement including, and especially relevant in this case, "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "The management of discovery is committed to the sound discretion of the trial court." *In re Missouri Dep't of Nat. Res.*, 105 F.3d 434, 435 (8th Cir. 1997) (citing *Bunting v. Sea Ray, Inc.*, 99 F.3d 887, 890 (8th Cir. 1996)). With these principles in mind, the Court turns to each of Schneider's Motions to Compel.

## II. Analysis

**A. Motion to Compel Production of Documents**

On October 27, 2015, Schneider issued its Requests for Production of Documents Directed to Plaintiff, specifically requesting the following information, to which Plaintiff issued the following objections:

> 12. Copies of any posting made by Plaintiff on Twitter, Facebook or any other social media website since the date of the accident.
>
> **RESPONSE: Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, none.**
>
> 13. Copies of any and all photographs and/or videos of Plaintiff posted by Plaintiff on Twitter, Facebook or any other social media website since the date of the accident.
>
> **RESPONSE: Objection, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, none.**

However, according to Schneider, its own independent investigation uncovered that Plaintiff does have a Facebook account and may also have a LinkedIn account (Doc. 26 at 3). Schneider also asserts that its investigation of the public portion of Plaintiff's Facebook page indicates that Plaintiff's social media websites contain relevant, non-cumulative information (*Id.* at 6). After counsel for both parties exchanged communications regarding the issue, including an option for Plaintiff's counsel to disclose only that information related to Plaintiff's ability to work and to

3

enjoy the ordinary pursuits of life, Plaintiff provided the following supplemental answer to Schneider's request for production 12: **Subject to the previous objections, none related to this incident**. Plaintiff's supplemental answer was filed on February 1, 2016.

Schneider now requests that Plaintiff be required to provide Schneider with a "Download Your Info" report from her Facebook account from the date of the accident, June 2, 2014, to the present. In the alternative, in the event the account or other social media content has been deleted, Schneider requests sanctions in the form of dismissal of the action with prejudice and attorney's fees.

Plaintiff responds that she timely objected to Schneider's overbroad production request and that Schneider has failed to show that any evidence, whether relevant or irrelevant, has been deleted. Plaintiff fails to propose limits or an alternative method of disclosure. Instead, Plaintiff asserts that Schneider's Motion is moot as Schneider has accessed Plaintiff's Facebook account and printed at least 264 pages of Facebook postings. Finally, Plaintiff suggests that the account is not entirely under her control because her account may have been hacked by other individuals who have her password.

In its reply, Schneider asserts that a party is not relieved of its discovery obligations simply because the other party's independent investigation revealed some but not all of the requested and discoverable information. Furthermore, Schneider argues that sanctions are warranted because, although Plaintiff claims not to have deleted any posts, its January 2016 download from Plaintiff's Facebook account produced 441 pages of material whereas the same method in March 2016 retrieved only 226 pages of material.

The Court finds that Plaintiff has not fully and completely responded to Schneider's production requests, even in light of her objections. Plaintiff did not initially disclose the

existence of *any* social media accounts. However, Plaintiff does not deny that the Facebook account in question belongs to her. Furthermore, there is some indication that Plaintiff may have other social media accounts. Accordingly, Plaintiff shall disclose to Schneider a complete list of Plaintiff's social media accounts during the requested time periods. Plaintiff is not required to provide passwords or user names. Thereafter, if necessary, Schneider shall make timely, limited requests for production of documents informed by the relevant case law. *See Ritz v. Directory Pub. Solutions Inc.*, 4:13CV01236 AGF, 2014 WL 1922957 (E.D. Mo. May 14, 2014) (granting a motion to compel the production of plaintiffs' phone and Internet records showing calls and texts after the production of two of plaintiffs' records uncovered relevant information); *Holter v. Wells Fargo & Co.*, 281 F.R.D. 340, 344 (D. Minn. 2011) (requiring plaintiff's counsel to review all of plaintiff's social media content during the relevant period and produce any content that reveals or refers to plaintiff's mental disability and emotional state previously put at issue by plaintiff). The Court does not, at this time, make any determinations regarding the relevance of information contained on these social-media web sites, if any.

Regarding Schneider's specific request that Plaintiff provide it with a "Download Your Info" report from her Facebook account from the date of the accident, June 2, 2014, to the present, the Court finds, in its discretion, that such a production is warranted at this time. The Court recognizes that such a broad disclosure might not be appropriate in all circumstances. While the Court is mindful of any request that would be an improper intrusion upon Plaintiff's privacy, Schneider's independent examination has already uncovered relevant information; specifically, comments and photos regarding physical activity such as dancing. "Postings or photographs on social networking websites that reflect physical capabilities inconsistent with a plaintiff's claimed injury are relevant." *Giacchetto v. Patchogue-Medford Union Free Sch. Dist.*,

293 F.R.D. 112, 116 (E.D.N.Y. 2013). "[A]fter the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper." *Cincinnati Ins. Co. v. Fine Home Managers, Inc.*, 4:09CV234DJS, 2010 WL 2990118, at *1 (E.D. Mo. July 27, 2010). Although Plaintiff maintains that Schneider's request is overbroad and asserts that such a production would be unduly burdensome, Plaintiff does not explain how it is overbroad or burdensome. In fact, Schneider described the process for providing a "Download Your Info" report during the motion hearing as requiring Plaintiff to execute several simple commands while logged into her Facebook account.

Accordingly, Plaintiff is directed to provide a "Download Your Info" report from her Facebook account from the date of the accident, June 2, 2014 to the present. Plaintiff and Schneider shall consult regarding the process and the most effective means of disclosing this information. Thereafter, Schneider shall produce to Plaintiff, from this download, any and all posts, photographs, videos or other material that it intends to rely on for its case. However, the Court finds that, *at this time*, sanctions are unwarranted. Not only is it unclear whether Plaintiff has deleted any information, such a download from Facebook may afford Plaintiff the ability to recover any, even innocuous, information that may have been deleted. *See In re White Tail Oilfield Servs., L.L.C.,* No. CIV. A. 11-0009, 2012 WL 4857777, at *3 (E.D. La. Oct. 11, 2012) (indicating that the "Download Your Information" feature captures deleted material).

**B. Motion to Compel the Continuance of Alecia Rhone's Deposition**

In its Motion to Compel the Continuance of Plaintiff's Deposition, Schneider asserts that on March 2, 2016, during the videotaped deposition of Plaintiff, Plaintiff's attorney obstructed

the deposition throughout and, at times, improperly instructed his client not to answer questions. Schneider seeks permission to re-open Plaintiff's deposition because Plaintiff's attorney obstructed the deposition by lodging numerous improper objections. Schneider provides the Court with several examples including the following:

> Mr. Reda
> Q: You don't want to change your answer about deleting any information?
> Mr. Falvey: Same objection. It's been asked and answered.
> Mr. Reda
> Q: Well I wasn't clear. When you're lawyer is speaking like that and coaching you to indicate you don't understand—
> Mr. Falvey: No, I'm not coaching.
> Mr. Reda
> Q: --I'm not sure what your answer really is.
> Mr. Falvey: I'm not coaching anyone. I'm making valid legal objections to your questions.
> Mr. Reda
> Q: So just so it's clear--
> Mr. Falvey: You can answer if you understand.
> Mr. Reda
> Q: Just so we're clear, given the discrepancy in the pages that were retrieved by Page Vault between January 12th, 2016, and March 1st, 2016, do you want to change your prior answer as to whether you deleted any information from your Facebook account?
> Mr. Falvey: Same objection. Argumentative as to form, assumes facts not in evidence, assumes that there is a discrepancy, it's improper as to form. You can answer if you understand, if you know.
>     A. No.
> Mr. Reda
> Q: Okay. What are you answering no to?
>     A: I don't understand.
> Q: Okay. See, that's why I made my comment earlier. What don't you understand about that question?

(Doc. 42 at 4-5).

Schneider also asserts that Plaintiff's counsel improperly instructed Plaintiff not to answer questions and provides the following exchange as an example:

> Mr. Reda
> Q: Okay. So if there is a response to your twerk that was posted by one of your friends as to how much fun you had together twerking, would that friend not be— not be truthful—

7

>     Mr. Falvey: I'm going to --
>     Mr. Reda
>     Q: --as far as whether you were twerking or not?
>     Mr. Falvey: Don't answer that. That's completely improper as to form.
>     Calls for speculation, it's vague and ambiguous. Don't answer that.
>     Mr. Reda
>     Q: Are you going to --
>     Mr. Falvey: Next question.
>     Mr. Reda
>     Q: You're going to follow the instruction and not answer the question?
>     A: Correct.

(*Id.* at 2).

Plaintiff objects that Schneider has not complied with Local Rule 3.04[1] by failing to confer with Plaintiff's counsel and failing to provide the Court with a statement detailing the same. Further, Plaintiff asserts that Schneider has failed to meet the showing required to justify repeated depositions of the same party. Specifically, Plaintiff argues that one instance wherein Schneider did not receive an answer to a question that asked Plaintiff to "rampantly speculate" about whether a third party was being truthful does not warrant a second deposition. Plaintiff also asserts that the case cited by Schneider, *Armstrong v. Hussmann Corp.*, 163 F.R.D. 299, 302 (E.D. Mo. 1995), is not comparable as counsel's actions in *Armstrong* were much more egregious than his conduct in objecting to isolated questions in this case. Finally, Plaintiff argues that the objectionable questions were repeatedly asked for the purpose of harassment and embarrassment of Plaintiff.

---

[1] Local Rule 3.04 provides, in relevant part,
> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

As a preliminary matter, the Court finds that the discussions during the deposition, in this limited instance, satisfy the meet-and-confer requirement of Local Rule 3.04(A). Accordingly, Schneider's Motion to Compel is the appropriate avenue to pursue relief. Fed. R. Civ. P. 37(a)(3)(B)(1) ("A party seeking discovery may move for an order compelling an answer . . . if . . . a deponent fails to answer a question asked under Rule 30 or 31."). Counsel may not instruct a deponent not to answer a question unless "necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion [to terminate or limit]." Fed. R. Civ. P. 30(c)(2). Rule 30(d)(1) also provides that, "Any objection to evidence during a deposition shall be stated concisely and in a non-argumentative and non-suggestive manner." Plaintiff has not persuaded the Court that any such exceptions apply here or that the objections are well founded. To the extent that Plaintiff also argues that Schneider violated its discovery obligations by appearing at the March 2, 2016 deposition of Plaintiff with binders of material purportedly from her Facebook account, and which were not previously disclosed, the parties are reminded that the Federal Rules of Civil Procedure apply regardless of an opposing party's noncompliance.

In light of the Court's ruling that Plaintiff must provide a copy of her "Download Your Info" report from her Facebook account from June 2, 2014 to the present, and Schneider's representation during the motion hearing that a second deposition would be allowed regarding any relevant material obtained, the Court need not address the merits of Schneider's Motion to Compel the Continuance of Plaintiff's Deposition as such additional discovery warrants a second deposition. Plaintiff's counsel must produce Plaintiff, at a time that is convenient for both parties, for a second deposition. The Court will not limit the issues or topics to be addressed by the parties at the second deposition but will provide a time limitation of six (6) hours for Schneider to depose Plaintiff. This ruling does not limit Third Party Defendant Charles Quinn's

ability to depose Plaintiff either in conjunction with the second deposition, if agreeable to the parties, or at another time. The Court further finds that sanctions are not warranted at this time.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Schneider National Carriers, Inc.'s Motion to Compel Production of Documents (Doc. 25) is **GRANTED, in part**. Plaintiff shall disclose to Schneider a complete list of Plaintiff's social media accounts no later than fourteen (14) days from the date of this order. Plaintiff is also directed to provide Schneider with a "Download Your Info" report from her Facebook account from June 2, 2014 to the present no later than fourteen (14) days from the date of this order. Thereafter, no less than fourteen (14) days prior to the second deposition of Plaintiff, Schneider shall disclose to Plaintiff any and all posts, photos or other media from the report it intends to use in support of its defense. In its disclosure, Schneider shall specifically identify any items it intends to use during the second deposition of Plaintiff.

**IT IS FURTHER ORDERED** that Defendant Schneider National Carriers, Inc.'s Motion to Compel the Continuance of Alecia Rhone's Deposition (Doc. 41) is **GRANTED, in part**. Plaintiff's counsel must produce Plaintiff, at a time that is convenient for both Parties, for a second deposition not to exceed six (6) hours.

**IT IS FINALLY ORDERED** that Plaintiff's failure to comply with this Order may result in the imposition of sanctions.

Dated this 21st day of April, 2016.

    /s// Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE