UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALECIA RHONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:15-cv-01096-NCC |
| | ) |
| SCHNEIDER NATIONAL | ) |
| CARRIERS, INC. and | ) |
| DEAN LILLY, | ) |
| | ) |
| Defendants. | ) |

=================================================================

| | |
|---|---|
| SCHNEIDER NATIONAL | ) |
| CARRIERS, INC. and | ) |
| DEAN LILLY, | ) |
| | ) |
| Third Party Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| CHARLES QUINN, | ) |
| | ) |
| Third Party Defendant. | ) |

| | |
|---|---|
| CHARLES QUINN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:16-cv-00495-NCC |
| | ) |
| SCHNEIDER NATIONAL | ) |
| CARRIERS, INC. and | ) |
| DEAN LILLY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Charles Quinn's First Motion to Remand (Doc. 63). The Motion is fully briefed and ready for disposition. The parties have consented to

1

the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(c)(1) (Docs. 17, 35). For the following reasons, Plaintiff Charles Quinn's Motion will be **GRANTED** and case number 4:16-cv-00495-NCC shall be **REMANDED.**

## I. Background

These consolidated personal injury actions arise out of a motor vehicle accident that occurred on June 2, 2014, when the vehicle driven by Third Party Defendant/Plaintiff Charles Quinn ("Quinn"), in which Plaintiff Alecia Rhone ("Rhone") was a passenger, was struck from behind by Defendant Schneider National Carriers, Inc.'s ("Schneider") vehicle driven by Defendant Dean Lilly ("Lilly").

Quinn initially filed his action on February 26, 2015 in case number 1522-CC-0467, in the Circuit Court of St. Louis City, State of Missouri. Quinn's Petition alleges claims for personal injury based upon vehicular negligence against Lilly (Count I) and "agency" against Schneider (Count II). In the prayer for relief on both counts, Quinn seeks "an amount which is fair and reasonable and in excess of $25,000.00, together with his costs expended herein and for such other and further relief as is just under the circumstances" (Doc. 5).

Schneider removed Quinn's action to this Court on April 8, 2015, based on diversity jurisdiction. On May 11, 2015, Quinn filed a Motion to Remand. In support of the Motion to Remand, Quinn submitted the affidavit of Roger F. Wilson, Quinn's prior counsel, asserting that Quinn would not seek damages in this cause for any amount exceeding $75,000. Judge White granted Quinn's Motion and remanded the case on June 10, 2015. On June 12, 2015, the Circuit Court for the City of Saint Louis reopened Quinn's case per Judge White's Order and renumbered it 1522-CC00467-01. On April 11, 2016, Schneider again removed the action to this Court on the basis of diversity jurisdiction.

In its Notice of Removal, Schneider argues that, during his deposition, Quinn admitted that he did not know Mr. Wilson or Mr. Henderson and that he had no knowledge of any of the removal or remand filings or proceedings. Schneider also asserts Quinn improperly failed to answer deposition questions regarding the "actual amount in controversy" except to the extent he responded that he was "Not sure what it's worth." (Doc. 1 at 4). Schneider argues that its second Notice of Removal is timely because it is within 30 days from the receipt of Quinn's deposition testimony.

On April 18, 2016, Defendants Schneider and Lilly moved to consolidate Quinn's action, Case No. 4:16-cv-00495, with Rhone's earlier filed case, Case No. 4:15-cv-01096. On May 9, 2016, the undersigned granted Defendants' Motion and consolidated the two cases. On May 11, 2016, Quinn filed a Motion to Remand his action asserting that the amount in controversy does not exceed $75,000 and that this Court therefore does not have subject matter jurisdiction. In support of his assertion, Quinn submits his affidavit and that of Plaintiff's counsel indicating that they will not seek or accept damages of an amount in excess of $75,000. Specifically, Quinn's affidavit reads:

> I, Charles Quinn, hereby state and affirm that the total amount of damages I am seeking for the injuries I sustained on June 2, 2014, is less than $75,000, that I will not seek or accept an amount in excess of $75,000. I understand that this stipulation cannot be revoked.

## II. Analysis

Federal courts have original jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Where a complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount in controversy

3

exceeds $75,000. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009); *In re Minnesota Mutual Ins. Co. Sales Practices Litigation*, 346 F.3d 830, 834 (8th Cir. 2003). To meet this burden, the defendant must present "some specific facts or evidence." *Harris v. Transamerica Life Ins. Co.*, 2014 WL 1316245, at *1 (E.D. Mo. Apr. 2, 2014). This evidence may include settlement offers by the plaintiff exceeding the jurisdictional amount. *See McGuire v. J.B. Hunt Transp., Inc.*, 2010 WL 2399550, at *3 (E.D. Mo. June 10, 2014) ("[A]lthough the existence of a settlement demand does not resolve the [amount in controversy] issue, it is relevant.").

Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount. *Green v. Dial Corp.*, 2011 WL 5335412, at *1 (E.D. Mo. Nov. 4, 2011) (citing *Bell*, 557 F.3d at 956). A plaintiff can meet that burden with a "binding stipulation that limits the plaintiff's recovery of damages." *Id.* (citing *Neighbors v. Muha*, 2005 WL 2346968, at *2 (W.D. Mo. Sept. 26, 2005)). Doubts concerning federal jurisdiction are resolved in favor of remand. *Bell*, 557 F.3d at 956.

Schneider has failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 and Quinn has established to a legal certainty that the amount in controversy is less than the requisite amount. Schneider asserts that the amount in controversy exceeds $75,000 because "Plaintiff is seeking damages for (1) past and future medical bills; (2) past, ongoing, and permanent pain and suffering; (3) serious and significant disability and disfigurement; (4) substantial lost wages; and (5) property damage to not only his vehicle but also its accessories and appurtenances" (Doc. 1 at 11). To the extent Schneider asserts that Quinn's lack of knowledge about the inner workings of this case or his decision to follow counsel's advice during his deposition amounts to bad faith and removal is therefore required,

4

these bare assertions are not sufficient to establish by a preponderance of the evidence that the amount of controversy in this case is more than $75,000. On the face of the Petition, Quinn requests "an amount which is fair and reasonable and in excess of $25,000.00" for each of the two counts (Doc. 5 at 5) and Schneider does not provide any specific facts or evidence in support of its claim. Moreover, Quinn has submitted a binding stipulation with the Court establishing that he will not "seek or accept an amount in excess of $75,000" (Doc. 64 at 5). In signing the stipulation, Quinn has limited himself to a recovery in an amount less than $75,000 to resolve his claims against Lilly and Schneider. Therefore, Quinn has established to a legal certainty that the amount in controversy is less than the requisite jurisdictional amount and that remand is appropriate. *See McGuire*, No. 4:10CV746MLM, 2010 WL 2399550, at *4.

### III. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. 63) is **GRANTED**.

**IT IS FURTHER ORDERED** that case number 4:16-cv-00495-NCC is **REMANDED** to the Circuit Court for the City of St. Louis. A separate order of remand shall accompany this order.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to file this order in both the lead case, Case No. 4:15-cv-01096-NCC, and Case No. 4:16-cv-00495-NCC. The Clerk of Court is further directed to file the order of remand in and close Case No. 4:16-cv-00495-NCC.

**IT IS FINALLY ORDERED** that the Second Amended Case Management Order (Doc. 67) remains the operative case management order in Case No. 4:15-cv-01096-NCC and will not be modified absent a showing of extraordinary circumstances.

Dated this 1st day of July, 2016.

                                              /s/ Noelle C. Collins
                                              NOELLE C. COLLINS
                                              UNITED STATES MAGISTRATE JUDGE